FILED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2013 MAR 14 PM 12: 55

CHRYSTAL CHRISTIANSEN,

    Plaintiff,

-VS-

CASE NO.: 6:13cv-412-Orl-37KRS

BUREAU OF COLLECTION RECOVERY,
INC.,

**JURY TRIAL DEMANDED**

    Defendant.

_____/

## COMPLAINT

### JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.    This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1962 et seq. ("FDCPA") and the Telephone Consumer Protection Act 47 U.S.C. §227 et seq. ("TCPA").

3.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4.    Plaintiff, CHRYSTAL CHRISTIANSEN, is a natural person over the age of 18 who resides in the City of Palm Bay, County of Brevard, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant, BUREAU OF COLLECTION RECOVERY, INC. (hereinafter "BCR") is a collection agency operating from an address of 7575 Corporate Way, Eden Prairie, MN 55344, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

1

## FACTUAL ALLEGATIONS

6.     Each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers.

7.     Each call the Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

8.     Plaintiff's boyfriend had dental work performed which he is solely responsible to pay.

9.     Beginning on or about September 16, 2011 Plaintiff began receiving two (2) to three (3) calls a day on her cell phone from BCR attempting to collect the payment Plaintiff's boyfriend owes.

10.    Whenever speaking to an agent of BCR, Plaintiff would explain that she does not owe the debt and the number BCR is calling is not the debtor's cell phone and to cease calling.

11.    On one occasion Plaintiff spoke to an agent of BCR who claimed to be a "supervisor," however after explaining the situation to the supervisor, the calls still continued to her cell phone.

12.    Plaintiff continually received two (2) to three (3) calls a day, Monday through Friday of every week, from BCR on her cell phone against her permission, until on or about March 15, 2012 when she informed BCR that was had spoken to an attorney about their incessant harassment.

13.    During the length of harassment, BCR placed between two hundred sixty (260) to three hundred ninety (390) calls to Plaintiff's cell phone against her permission.

14.    None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

15.    Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

2

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FDCPA

### 15 U.S.C. § 1692 et seq.

16.    Plaintiff incorporates by reference, the above one (1) through fifteen (15) paragraphs of this Complaint as though fully stated herein.

17.    The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and everyone one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

(a)    The Defendant violated 15 U.S.C. § 1692b(3) by contacting the Plaintiff more than once after being requested to cease contact.

(b)    The Defendant violated 15 U.S.C. § 1692d by committing actions against the Plaintiff in which the consequences result in the Plaintiff feeling harassed and abused.

(c)    The Defendant violated 15 U.S.C. § 1692d(5) by continually causing the Plaintiff's phone to ring.

(d)    The Defendant violated 15 U.S.C. § 1692f by committing unfair and unconscionable means to collect a debt from the Plaintiff when he was not the party responsible for the debt in question.

18.    As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and moves this Honorable Court for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against

the Defendant and for the Plaintiff; for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692(a)(2)(A) against the Defendant and for the Plaintiff; for an award of costs of litigation and reasonably attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for the Plaintiff, and any other such relief this Honorable Court may deem just and proper in the spirit of justice.

## COUNT II

## VIOLATIONS OF THE TCPA

### 47 U.S.C. §227 *et seq.*

19.	Plaintiff incorporates by reference, the above one (1) through fifteen (15) paragraphs of this Complaint as though fully stated herein.

20.	Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

4

Jared Michael Lee, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4708
Florida Bar #: 0052284
Attorney for Plaintiff
jlee@forthepeople.com
mgraves@forthepeople.com